# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JORGE L. MACHADO,

    Defendant.

Case No. 2:11-cr-00322-LDG (CWH)

**ORDER**

    The defendant, Jorge L. Machado, moves to vacate, set aside or correct his criminal convictions and sentence pursuant to 28 U.S.C. §2255 (ECF Nos. 40, 41). He argues that his conviction for use of a firearm during and in relation to a crime of violence must be vacated because federal armed bank robbery no longer qualifies as a "crime of violence." The United States opposes the motion (ECF No. 45) and has moved for leave (ECF No. 48) to advise the Court of the Ninth Circuit's recent published decision, *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018), that rejects each of Machado's arguments and holds that federal armed bank robbery remains a crime of violence. Machado has responded to the submission of the recent authority (ECF No. 49).

In *Watson*, the Ninth Circuit addressed and rejected the arguments fundamental to Machado's motion, applying the categorical approach in making those determinations. *Watson*, 876 F.3d at 784. Machado argues that "federal bank robbery, as defined by §2113(a), does not meet the violent physical force requirement because it can be accomplished by 'intimidation' that does not require the use, attempted use, or threatened use of 'violent force.'" Defendant's Brief, p.14, ll. 17-19. The Ninth Circuit rejected this argument, holding "that 'intimidation' as used in § 2113(a) requires that the defendant take property 'in such a way that would put an ordinary, reasonable person in fear of bodily harm' and that a 'defendant cannot put a reasonable person in fear of bodily harm without threatening to use force capable of causing physical pain or injury.'" *Watson*, 881 F.3d at 785 (quoting *United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017).

Machado further argues that "'intimidation' as contained in 18 U.S.C. § 2113(a) does not constitute a crime of violence under the physical force clause because it does not require an intentional threat of physical force." Defendant's Brief, p. 15, ll. 9-11. The Ninth Circuit rejected this argument, holding that "[t]he offense must at least involve the knowing use of intimidation, which necessarily entails the knowing use, attempted use, or threatened use of violent physical force." *Watson*, 881 F.3d at 785.

Finally, Machado argues that the more serious offense of *armed* federal bank robbery also fails to qualify as a crime of violence, as 18 U.S.C. §2113(d) is insufficient to convert a bank robbery into a crime of violence. As noted by the Ninth Circuit, however, [b]ecause bank robbery 'by force and violence, or by intimidation' is a crime of violence, so too is armed bank robbery." *Id.,* at 786.

In addressing the impact of *Watson*, Machado asks that the Court grant him a Certificate of Appealability so that he may preserve these issues. The Court will deny the request. *Watson* is binding precedent on this Court, and directly rejects each of Machado's

arguments. Further, as the Ninth Circuit noted in *Watson*, " in so holding, [it] joined every other circuit to address the same question." *Id.*, at 785.

Accordingly,

THE COURT **ORDERS** that the United States' Motion for Leave to Advise the Court of New Authority (ECF No. 48) is GRANTED;

THE COURT FURTHER **ORDERS** that Defendant's Abridged Motion (ECF No. 40) and Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (ECF No. 41) are DENIED.

THE COURT **DECLINES** to issue a Certificate of Appealability.

DATED this 28 day of February, 2018.

_____
Lloyd D. George
United States District Judge

3